a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NADIR ALIEV #A246-845-339,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01753<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ANGEL WOLF,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Nadir Aliev ("Aliev"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Aliev challenges the legality of his continued detention.

Because there is no significant likelihood of Aliev's removal in the reasonably foreseeable future, the Petition (ECF Nos. 1, 7) should be GRANTED.

I.    Background

Aliev is a native of Georgia who has been detained since he entered the United States on October 12, 2023. ECF No. 7 at 2. Aliev was ordered removed to Georgia, but granted withholding. ECF No. 11-2. No appeal was filed,[1] so the removal order became final on September 29, 2025, when the time within which to appeal expired.

---

[1] https://acis.eoir.justice.gov/en/caseInformation

According to the Declaration of Assistant Field Office Director Matthew Reaves ("Reaves"), Aliev is "on a third country removal list," and "ERO is actively working on Petitioner's removal."  ECF NO. 11-2 at 2.

## II.   Law and Analysis

### A.   The Court has jurisdiction.

The Court has jurisdiction to consider Aliev's challenge to his continued post-removal order detention.  *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

### B.   There is no significant likelihood of Aliev's removal in the reasonably foreseeable future.

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal.  *See* 8 U.S.C. § 1231(a)(1)(A).  However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States.  *See Zadvydas v. Davis*, 533 U.S. 678, 701

(2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Aliev's removal order became final on September 29, 2025, and he has been detained since October 12, 2023, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Aliev provides good reason to believe that there is no significant likelihood of his removal in the foreseeable future. He was granted withholding of removal to Georgia, which is a clear barrier to his repatriation. *See Alebw v. Noem*, 3:26-CV-

3

00073, 2026 WL 1322098, at *2 (W.D. La. Apr. 27, 2026) (collecting cases), *recommendation adopted,* 2026 WL 1309886 (W.D. La. May 12, 2026).

The burden shifts to the Government to provide evidence of a significant likelihood that Aliev will be deported in the reasonably foreseeable future. Reaves's Declaration provides that on December 8, 2025, February 11, March 19, April 7, May 7, and May 21, 2026, a "docket officer" emailed a Detention and Deportation Officer for third country removal guidance. *Id.* But the Declaration omits any indication of a response from the Deportation Officer regarding third country removal guidance, or that the case has been elevated to the Removal Division at Headquarters. In fact, the record establishes that no third country has been contacted—or even identified— for removal. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to hold anyone in civil detention for more than two and one-half years while waiting on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive him remain uncertain. *See Zadvydas*, 533 U.S. at 689–701. On this record, there is a good reason to believe there is no significant likelihood of Aliev's removal in the reasonably foreseeable future.

III.    Conclusion

Because there is no significant likelihood of Aliev's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 7) be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 1, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE